Linda Kay HENDRICKS *v.* Ramon Marinus
HENDRICKS

CA 85-250                                709 S.W.2d 827

Court of Appeals of Arkansas
Division I
Opinion delivered May 28, 1986

*Isaacs, Charney & Isaacs*, by: *April Carrie Charney*, for appellant.

*Jim Rose, III*, for appellee.

DONALD L. CORBIN, Judge. This case comes from the Washington County Chancery Court, First Division. Appellant, Linda Kay Hendricks, appeals the decision of the chancellor which dismissed portions of an amended petition for modification of divorce decree or partition filed by appellant. We affirm.

The parties, by agreement, submitted an abbreviated record in the appeal of this case. The parties herein were married on June 20, 1960, and divorced on February 18, 1981. Appellee served in the United States Navy from April, 1959, until his retirement in August, 1979. Appellee served in the military for 14 months prior

to his marriage and for 248 months during his marriage. Appellee began receiving military retirement benefits in May, 1979, and has received a total of $38,016 in benefits through 1984.

The parties were divorced by decree of the Washington County Chancery Court, First Division, on February 18, 1981. The decree incorporates a child support and property settlement agreement covering the real and personal property accumulated during the marriage. The child support and property settlement agreement sets forth the parties' desire to establish their respective interests in their property and provides that no dispute exists over personal property acquired during the marriage with each party in possession of the property to which they are entitled pursuant to the agreement.

On November 8, 1984, appellant filed an amended petition for modification of decree or partition. Appellant, in her petition, alleged that the military retirement benefits received by appellee are marital property that were mistakenly characterized as appellee's separate property at the time of divorce, and, as a result, not divided between the parties. Appellant asked the chancellor to retroactively examine her right to an equitable division of the military retirement benefits and to modify the decree accordingly.

On February 7, 1985, a hearing was held wherein both parties testified that at the time of their divorce they believed the military retirement benefits were the separate property of appellee and that appellant was not entitled to any of the benefits upon divorce. At the close of the hearing, the court dismissed those portions of appellant's petition relating to the military retirement benefits for "want of equity," finding that no facts or evidence were adduced to alter the contractual terms of the parties' agreement. It is from this decision that appellant appeals.

Appellant raises the following three points for reversal:

### I.

ALTHOUGH MILITARY RETIREMENT BENE-FITS WERE NOT CONSIDERED TO BE MARITAL PROPERTY UNDER THE ARKANSAS SUPREME COURT'S INTERPRETATION OF ACT 705 OF 1979 AT THE TIME OF THE PARTIES' DIVORCE, MILI-

TARY RETIREMENT BENEFITS ARE NOW CHARACTERIZED AS MARITAL PROPERTY SUBJECT TO DIVISION PURSUANT TO ARKANSAS STATUTE ANNOTATED SECTION 34-1214 AND THE TRIAL COURT ERRED IN NOT GIVING RETROACTIVE EFFECT TO THIS CHANGE IN THE INTERPRETATION OF THE STATUTE BY NOT REOPENING THE DIVORCE AND MODIFYING THE DECREE TO EQUITABLY DISTRIBUTE THE MILITARY RETIREMENT BENEFITS IN ACCORDANCE WITH THE STATUTE.

## II.

THE COURT ERRED IN FINDING THAT THE MILITARY RETIREMENT BENEFITS WERE DISTRIBUTED BETWEEN THE PARTIES UNDER THE TERMS OF THE DECREE AND THE CHILD SUPPORT AND PROPERTY SETTLEMENT AGREEMENT INCORPORATED THEREIN BECAUSE MILITARY RETIREMENT BENEFITS WERE PRECLUDED, BY JUDICIAL DECISION, FROM BEING SUBJECT TO EQUITABLE DISTRIBUTION PURSUANT TO ARKANSAS STATUTE ANNOTATED SECTION 34-1214 AT THE TIME OF THE PARTIES' DIVORCE AND BECAUSE THE CHILD SUPPORT AND PROPERTY SETTLEMENT AGREEMENT DOES NOT MENTION OR PROVIDE FOR THE DISTRIBUTION OF THE MILITARY RETIREMENT BENEFITS BETWEEN THE PARTIES.

## III.

THE TRIAL COURT ERRED IN NOT FINDING THE MILITARY RETIREMENT BENEFITS TO BE JOINTLY OWNED BY THE PARTIES AND THEREFORE SUBJECT TO PARTITION.

We find that these three points raise essentially the same issue, i.e., should this decree be modified to reflect the subsequent change in the law. We conclude it should not be modified.

In 1981, when the parties were divorced, federal law

considered military retirement pensions to be the personal entitle-
ment of the retiree and not marital property subject to division
upon divorce. *McCarty* v. *McCarty*, 453 U.S. 210 (1981), (held
that federal law precluded a state court from dividing military
retirement pensions pursuant to state community property laws
in a divorce). However, in 1982, the United States Congress
enacted the Uniformed Services Former Spouses' Protection Act,
10 U.S.C.A. § 1401 *et seq.* (West 1983), which effectively
overruled *McCarty*, and authorized state courts to divide military
retirement benefits and pensions in accordance with state law.
The act specifically stated that it was retroactive in the following
language:

> (c)(1) Subject to the limitations of this section, a
> court may treat disposable retired or retainer pay payable
> to a member for pay periods beginning after June 25, 1981,
> either as property solely of the member or as property of
> the member and his spouse in accordance with the law of
> the jurisdiction of such court.
>
> . . . .
>
> (d)(1) After effective service on the Secretary con-
> cerned of a court order with respect to the payment of a
> portion of the retired or retainer pay of a member to the
> spouse or a former spouse of the member, the Secretary
> shall, subject to the limitations of this section, make
> payments to the spouse or former spouse in the amount of
> the disposable retired or retainer pay of the member
> specifically provided for in the court order. . . .

10 U.S.C.A. § 1408(c)(1) and (d)(1) (West 1983).

In a note to 10 U.S.C.A. § 1408, Congress set out the
following effective dates:

> (b) Subsection (d) of section 1408 of title 10, United
> States Code, as added by section 1002(a), shall apply only
> with respect to payments of retired or retainer pay for
> periods beginning on or after the effective date of this title,
> but without regard to the date of any court order. *However,
> in the case of a court order that became final before June
> 26, 1981, payments under such subsection may only be*

*made in accordance with such order as in effect on such date and without regard to any subsequent modifications.* (emphasis supplied)

Uniformed Services Former Spouses' Protection Act, Pub. L. No. 97-252, § 1006(b), 96 Stat. 730, 737 (1982).

We find that federal law did not permit state courts to divide military retirement pensions pursuant to a divorce settlement until the Uniformed Services Former Spouses' Protection Act in 1983. This act was retroactive only to June 26, 1981. As stated earlier, the parties in the case at bar were divorced in February, 1981. Therefore, we find the chancellor was not in error in dismissing the portion of appellant's petition concerning the military retirement pension because the decree reflected the law as it existed at the time of the divorce. For the reasons stated above, we affirm the decision of the chancellor.

Affirmed.

GLAZE, J., and WRIGHT, Special Judge, agree.